UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DEAN LARSON, an individual, | Case No. 23-cv-175 |
| Plaintiff, | HON PAUL L. MALONEY |
| v. | |
| MARQUETTE COUNTY, a Governmental Unit; JACQUELINE SOLOMON, in her individual and official capacity; and ANNE GIROUX, in her individual and official capacity, | Marquette County Circuit Court Case No. 23-62904-CZ<br>HON. ANDREW GRIFFIN |
| Defendants. | |

_____

Donald R. Visser (P27961)
Daniel O. Myers (P49250)
VISSER AND ASSOCIATES, PLLC
Attorneys for Plaintiffs
2480 - 44th Street, S.E., Suite 150
Kentwood, MI 49512
(616) 531-9860

E. Powell Miller (P39487)
Christopher D. Kayne (P61918)
Sharon S. Almonrode (P33938)
THE MILLER LAW FIRM, PC
Attorneys for Plaintiffs
950 W. University Drive, Suite 300
Rochester, MI 48307
(248) 841-2200

Philip L. Ellison (P74 117)
OUTSIDE LEGAL COUNSEL, PLC
Attorney for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055

Allan C. Vander Laan (P33893)
Cummings, McClorey, Davis & Acho
Attorney for Defendants
2851 Charlevoix Dr., S.E. - Suite 203
Grand Rapids MI  49546
(616) 975-7470
avanderlaan@cmda-law.com

Matthew E. Gronda (P73693)
GRONDA PLC
Attorney for Plaintiffs
4800 Fashion Square Boulevard, Suite 200
Saginaw, MI 48604
(989) 249-0350

_____

**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §1446(b)**

PLEASE TAKE NOTICE that Defendants, Marquette County, Jacqueline Solomon and Anne Giroux, by and through their attorneys, Cummings, McClorey, Davis & Acho,

{01884958-1 }1

P.L.C., hereby remove the matter entitled, *Dean Larson v. Marquette County, et al.,* Case No. 23-62904-CZ currently pending in the Marquette County Circuit Court to the United States District Court for the Western District of Michigan. The bases for removal are set forth below:

1. On or about on September 1, 2023, this action was commenced in the Marquette County Circuit Court. Defendants were served via personal service with the lawsuit on or about September 11, 2023. A copy of the Summons and Complaint, which constitute all process and pleadings received by the Defendants, are attached**.**

2. The allegations in Plaintiffs' Complaint involve a claim by Plaintiffs arising, in part, under; Count VI – 42 USC §1983 Violation of Substantive Due Process (Against All Defendants), Count VII - 42 USC §1983 Violation of Procedural Due Process (Against All Defendants), Count VIII - 42 USC §1983 Taking – Fifth/Fourteenth Amendment Violation (Against All Defendants); Count IX - 42 USC §1983 Taking – Fifth/Fourteenth Amendment Violation "Arising Directly" Under the Fifth Amendment" (Against All Defendants), and Count X – Violation of the Eighth Amendment (Against All Defendants); which would be within the original jurisdiction of this United States District Court.

3. Supplemental Jurisdiction is appropriate pursuant to 28 U.S.C. § 1367 for state law claims asserted by the Plaintiffs.

4. The federal claims are summarized as follows:
    a. Plaintiffs allege in Count VI that Defendants violated Substantive Due Process under 42 U.S.C. §1983;

b. Plaintiffs allege in Count VII that Defendants violated Procedural Due Process under 42 U.S.C. §1983;

c. Plaintiffs allege in Count VIII that Defendants committed a taking in violation of the Fifth and Fourteenth Amendments to the United States Constitution under 42 U.S.C. §1983;

d. Plaintiffs allege in Count IX that Defendants' violated the Takings Clause of the Fifth and Fourteenth Amendments to the United States Constitution by committing a taking; and

e. Plaintiffs allege in Count X that Defendants violated the Eighth Amendment of the United States Constitution.

5. The state law claims are summarized as follows:

   a. Plaintiffs allege in Count I that Defendants wrongfully obtained and unlawfully retain surplus proceeds subject to a constructive trust;

   b. Plaintiffs allege in Count II that Defendant County unlawfully obtained and retained Plaintiffs' property under a theory of unjust enrichment;

   c. Plaintiffs allege in in Count III that Defendants violated Article X, Section II of Michigan's 1963 Constitution and the Fifth and Fourteenth Amendments of the United States Constitution under a theory of inverse condemnation;

   d. Plaintiffs allege in in Count IV that Defendants' failure to turn over surplus proceeds constitutes an act of conversion; and

   e. Plaintiffs allege in in Count V that wrongfully retained Plaintiffs' property under a theory of statutory conversion.

6. The prerequisites for removal under 28 U.S.C. § 1331 and § 1441 have been met.

7. Written notice of the filing of this notice of removal will be given to the adverse parties as required by law.

8. The allegations of this notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Western District of Michigan. Defendants file this notice of removal and remove this civil action to

the United States District Court for the Western District of Michigan. Plaintiffs are notified to proceed no further in state court unless or until the case should be remanded by order of the United States District Court.

                                        Respectfully Submitted,

                                        CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

Date: September 12, 2023      */s/ Allan Vander Laan*_____
                                        Allan C. Vander Laan (P33893)
                                        Attorney for Defendants